UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JOEL ESPINOSA

   Plaintiff,        CASE NO.  0:08-cv-60542

v.

HBG PEMBROKE PINES, L.L.C.,
a Florida limited liability company

   Defendant

_____/

## AMENDED COMPLAINT

   Plaintiff, JOEL ESPINOSA, individually by and through the undersigned counsel, hereby files his Amended Complaint against Defendant HBG PEMBROKE PINES, L.L.C., a Florida limited liability company, for violation of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") and state as follows and alleges:

## PARTIES

   1. Plaintiff, JOEL ESPINOSA, resides in Broward County, Florida, is otherwise *sui juris* and is a "consumer" as defined by 15 U.S.C. §1681a(c) of the FRCA.

   2. Plaintiff brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit Transaction Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud.

   3. Defendant, HBG PEMBROKE PINES, L.L.C. is a Florida limited liability corporation doing business in the Southern District of Florida.  Defendant is authorized to

1

do business in the State of Florida and conducts business in the State of Florida. Defendant owns and operates a restaurant known as "Hops" located at 11555 Pines Boulevard, Pembroke Pines, Florida and is considered a "person that accepts credit cards and debit cards for the transaction of business" under FRCA, and pursuant to the definition of "person" set forth therein.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this proceeding pursuant to the 28 U.S.C. § 1331 and U.S.C. § 1681 et seq.

5.      Venue is proper in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391 (b) and (c) in that Defendant conducts business within the District and the transaction that is the basis of Plaintiff's Complaint occurred within the District. The Defendant sold and provided services to the Plaintiff within this District.

## THE STATUTE

6.      The FACTA, codified as 15 U.S.C. § 1681 c(g) provides:

(g) Truncation of credit card and debit card numbers.

     a. In general. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five (5) digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

     b. Limitation. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

     c. Effective date. This subsection shall become effective –

> (A)   3 years after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>
> (B)   1 year after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.  15 U.S.C. § 1681 c(g).

Despite having had several years in which to bring itself into compliance with the law, and despite clear advance notice and communications regarding the need for compliance, Defendant negligently ignored the clear mandate of the United States Congress and the protections against identity theft and credit/debit card fraud which the law addresses. Defendant negligently failed to comply with the law, recklessly subjecting the Plaintiff to identity theft and credit/debit card fraud. Such violation fully demonstrates that Defendant has negligently violated FACTA and FRCA with respect to the Plaintiff. Based on this violations, Defendant is liable to Plaintiff as set forth by Congress in 15 U.S.C. §1681o.

7.   Section 15 U.S.C. § 1681o of the FACTA, entitled "Civil liability for negligent noncompliance" provides:

> (a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of this action together with reasonable attorney's fees as determined by the court.

## **THE FACTS**

8.      Upon information and belief, the legislature enacted the FACTA to protect consumers.

9.      As stated in 15 U.S. C. § 1681c(g)(3), the FACTA provided persons who accept credit cards or debit cards up to three (3) years to comply with its requirements. All persons covered under the act were to come into full compliance with the provisions therein no later than December 4, 2006.

10.      Defendant is a "person that accepts credit cards or debit cards for the transaction of business" as defined by the FACTA.

11.      At all times material to this action, the Plaintiff utilized a credit card or debit card issued in his name to transact business with the Defendant. Defendant provided Plaintiff with a printed receipt which showed the expiration date of his credit card account. Plaintiff engaged in a transaction with the Defendant wherein Defendant printed the expiration date on September 22, 2007 at the Hops Restaurant located at 11555 Pines Boulevard, Pembroke Pines, Florida. A Copy of the receipt is attached hereto as Exhibit "A" but has been redacted to protect the privacy of the Plaintiff and further the purposes of the FRCA, which is to reduce identity theft.

12.      As a result of Defendant's negligent violation of FACTA, after the Defendant's violation of FACTA and before the filing of this action, Plaintiff became concerned that his identity and credit card information was and is subject to theft and therefore has signed up for a credit monitoring service for which he pays a monthly fee in order to monitor his credit and ensure that no identity theft or credit theft takes place. Plaintiff will be required to subscribe to such service and pay monthly fees for many years in the future in order to ensure that his identity is not stolen and that his credit cards

are not improperly used. As such, Plaintiff has suffered actual damages and will continue to suffer actual damages going forward.

13.     Upon information and belief, in addition to MasterCard and Visa, the PCI Security Standards Council, a consortium founded by the major credit card companies – and other companies that sell cash registers and other machines for the processing of credit or debit card payments, and other entities informed defendant about the provisions of the FACTA, including the specific requirements prohibiting the printing of more than the last five digits of credit or debit card numbers and/or expiration dates on a credit card or debit card receipts and that defendant needed top comply with those provisions. Furthermore, the FACTA's requirements were widely publicized among retailers and the public at large.

14.     Although Defendant had direct notice of the requirements of FACTA, Defendant ignored such notice, as well as the terms of FACTA itself and negligently provided and/or printed prohibited information on the Plaintiff's receipt long after the effective date of FACTA, negligently subjecting the Plaintif to the very identity theft and credit/debit card fraud the law is designed to avoid.

15.     The receipt provided by Defendant to Plaintiff truncated part of the Plaintiff's credit card number but did not omit the expiration date. Defendant may have known about FACTA's requirements but negligently did not comply with the law.

16.     Defendant negligently or recklessly disregarded whether its practice of printing the credit card expiration date on the Plaintiff's receipt contravened the Plaintiff's rights. Defendant flouted Congressional mandate and put Plaintiff at greater

risk for identity theft and credit/debit card fraud in order to avoid the expense of reprogramming and/or replacing its receipt producing/printing devices.

17.     Defendant was put on actual notice of FACTA by major credit card companies such as Mastercard and Visa and by its own merchant service provider(s). Despite being informed of FACTA by these non-parties, Defendant negligently failed to remove the credit/debit card expiration dates from the receipt it provided to Plaintiff.

18.     Plaintiff seeks actual damages, costs and attorney's fees, all of which are expressly made available pursuant to 15 U.S.C. §1681(o) et seq..

## CLAIMS FOR RELIEF

19.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein

20.     Defendant is a person who accepts credit/debit cards for the transaction of business. Plaintiff is a consumer and cardholder within the meaning of FACTA. Defendant provided Plaintiff with a receipt at the point of sale or the point of transaction which included the Plaintiff's credit/debit card expiration date. Defendant printed the receipt it provided to Plaintiff.

21.     During the relevant time period, as alleged above, Defendant negligently provided Plaintiff with a receipt that included statutory prohibited information (i.e. the consumer's credit or debit card expiration date).

22.     Defendant's conduct was pursuant to its policies, routine practices, procedures and customs for providing receipts, at least with respect to certain transactions, which inexcusably failed to comply with the law. Defendant negligently

provided a receipt to Plaintiff in violation of FACTA. As such, Defendant's violation of the FRCA, as alleged by Plaintiff, was negligent for purposes of FRCA.

23.     As a result of Defendant's negligent violation of FACTA and FRCA, Plaintiff is entitled to monetary relief under 15 U.S.C. §1681(o) in an amount equal to the actual damages suffered or to be suffered by Plaintiff subject to proof  together with costs of suit and reasonable attorney's fees.

24.     Plaintiff suffered actual harm as he was exposed to an increased risk of identity theft by reason of Defendant's conduct and suffered actual damage in the form of monthly fees he is paying to a credit monitoring service to ensure that his identity and credit card are not stolen or utilized.

25.     As a result of Defendant's negligent violation of FACTA, Plaintiff is entitled to recover his actual damages as well as costs of suit and attorneys fees.

26.     Plaintiff demands a trial by jury of all issues so triable in this case.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, requests that this grant the following relief against Defendant, HBG PEMBROKE PINES, L.L.C.:

(b)     Actual damages pursuant to 15 U.S.C. §1681o(a) for each negligent violation as alleged herein

(c)     Pursuant to 15 U.S.C. §1681(o); attorneys' fees, litigation expenses and costs;

(d)     Interest as permitted by law;

(e)     Such other and further relief as the Court deems equitable and just under the circumstances.

Dated:  May 29, 2008       Respectfully submitted,

**SCHWARTZ ZWEBEN LLP**
*Attorneys for Plaintiff*
3876 Sheridan Street
Hollywood, Florida 33021
Telephone:  (954) 966-2483
 Facsimile:  (954) 966-2566

By:___s/ Stephan Nitz_____ _____
      Stephan Nitz, Esquire
      Florida Bar No. 45561
      snitz@szalaw.com

8